# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

In re Petition of
Rafael Diaz
for Expungement

January 23, 2008

Case No. 17882-TF

BY JUDGE TIMOTHY S. FISHER

Mr. Diaz has filed a Petition for Expungement pursuant to Virginia Code § 19.2-392.2. He has filed a petition and an "Amended Petition."

His "petition" addresses a charge of stalking pursuant to Virginia Code § 18.2-60.3 issued on January 8, 1999, and served on him by summons on January 22, 1999. At the trial of the case on April 14, 1999, the court's record reflects that a "Motion for *Nolle Prosequi*" was granted.

To the extent that Mr. Diaz's petition for expungement applies to that stalking charge, the Commonwealth's Attorney has no objection to said charge being expunged and the court believes expungement would be appropriate.

Mr. Diaz filed a "Amended" petition to expunge a Preliminary Protective Order issued pursuant to Virginia Code § 19.2-152.9 on January 12, 1999. (There was also an Emergency Protective Order issued pursuant to Virginia Code § 19.2-152.8 by the magistrate in effect from January 8, "1998," through January 12, "1998." One may assume that 98 in that emergency protective order should have been 99.)

Regardless, the Preliminary Protective Order issued by the court on January 12, 1999, was set for hearing in accordance with the statute no later than fifteen days from the *ex parte* hearing and on January 27, 1999, the General District Court for the City of Newport News ordered the Preliminary Protective Order "Dissolved."

The petitioner in the protective order appealed that decision to the Newport News Circuit Court, and, on the motion of the petitioner to withdraw the appeal, the Circuit Court by order dated February 22, 1999,

affirmed the decision of the Newport News General District Court that the preliminary protective order issued January 12, 1999, "be hereby dissolved."

The Commonwealth's Attorney's Office is not unsympathetic to the plight of Mr. Diaz, as is frankly, the court. However, the court does not disagree with the Commonwealth's Attorney's Office that Virginia Code § 19.2-392.2 does not provide authority for this court to order the expungement of a preliminary protective order issued pursuant to Virginia Code § 19.2-152.9.

Virginia Code § 19.2-392.2 states in subsection A the following:

> If a person is charged with the commission of a crime or any offense defined in title 18.2, and. . . .

The preliminary protective order issued pursuant to Virginia Code § 19.2-152.9 did not "charge" Mr. Diaz with the commission of a crime.

Although a threshold requirement for the issuance of that preliminary protective order under Virginia Code § 19.2-152.9 requires that a "warrant has been issued for the arrest of the alleged perpetrator. . . ." the issuance of the preliminary protective order, in and of itself, does not constitute charging the respondent with a crime.

It is clear that a violation of the protective order could be the basis for a charge of criminal contempt against the respondent and/or perhaps even a class one misdemeanor under the provisions of Virginia Code § 18.2-60.4; however, the availability of such penalties does not appear to translate the protective order from a civil matter to an action charging one with the commission of a crime as required by Virginia Code § 19.2-392.2.

Additionally, Virginia Code § 19.2-152.9 provides in the last sentence of subsection B as follows:

> If the order is later dissolved or modified, a copy of the dissolution or modification order shall also be attested, forwarded, and entered into the Virginia Criminal Information Network System as described above.

It would seem that, if the General Assembly wished to provide for expungement of this procedure, they would have done so in that Code section or in the Code section providing for expungement

Accordingly, I realize this result may be disappointing for Mr. Diaz; however, I do not feel I can take action in a area in which I have no authority. Therefore, the request for the expungement of the records relating to the issuance of the preliminary protective order in 1999 is denied.

The Petition for Expungement of the stalking charge as nolle prossed on April 14, 1999, is granted.